IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RICHARD L. JONES, §
TDCJ-CID NO. 1082345, §
    Petitioner, §
v. § CIVIL ACTION NO. H-08-3212
 §
NATHANIEL QUARTERMAN, §
    Respondent. §

OPINION ON DISMISSAL

        Petitioner Richard L. Jones, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket Entry No.1). Respondent has filed a motion for summary judgment, seeking dismissal on grounds that petitioner's claim of actual innocence is time-barred and his remaining claims are without merit. (Docket Entries No.17, No.20). Petitioner has filed a response to respondent's summary judgment motion. (Docket Entry No.18). For the reasons that follow, the Court will grant respondent's motion for summary judgment and deny petitioner federal habeas relief.

I.     PROCEDURAL HISTORY

        Pursuant to an agreed recommendation that the state district court would place him on "shock" probation if he exhibited exemplary behavior while incarcerated, petitioner entered a guilty plea to indecency with a child by sexual contact in cause number 2001R-030 in the 155th Criminal District Court of Fayette County, Texas. *Ex parte Jones*, Application No.WR-70-160-01, page 155. On January 9, 2002, the state district court adjudicated petitioner's guilt, assessed a ten-year sentence and agreed to consider a motion for "shock"

1

probation in June, 2002. *Id.* On June 12, 2002, the state district court granted a motion to place petitioner on ten years community supervision, *i.e.*, shock probation, pursuant to article 42.12, § 6 of the Texas Code of Criminal Procedure. *Id.*, page 168. On August 10, 2007, the State moved to revoke probation because petitioner had violated the conditions of his community supervision by possessing pornographic materials. *Id.*, pages 173-177. Petitioner entered a plea of true to the charge in the Motion to Revoke Probation. *Id.*, page 181. On October 10, 2007, the state district court revoked the community supervision and sentenced petitioner to eight years confinement in TDCJ-CID. *Id.*, pages 183-85.

Petitioner did not file a direct appeal or seek state habeas relief from his 2002 conviction. However, on May 16, 2008, months after the "shock probation" was revoked, petitioner sought state habeas relief pursuant to article 11.07 of the Texas Code of Criminal Procedure. *Id.*, pages 2-106. The state district court, sitting as a habeas court, did not enter findings of fact or conclusions of law but referred the application to the Texas Court of Criminal Appeals, which denied it without written order on July 9, 2008. *Id.* at action taken page.

Petitioner executed the pending federal habeas petition on September 29, 2008. (Docket Entry No.1, page 9). The petition, therefore, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the following grounds:

1. The pending petition is not time-barred because petitioner is actually innocent of the crime for which he was convicted;

2. His due process rights were violated because the state habeas court did not provide him with a full and fair hearing;

  3.  TDCJ-CID's regulations infringe upon his right to petition for federal habeas relief; and,

  4.  28 U.S.C. § 2254(d) is unconstitutional.

(Docket Entry No.1).

Respondent moves for summary judgment on grounds that petitioner's claims with respect to his conviction are untimely and his remaining claims are without merit. (Docket Entry No.20).

## II. DISCUSSION

### A. One Year Statute of Limitations

Respondent maintains that petitioner's claims regarding his conviction and sentence are time-barred. (Docket Entry No.20). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *See Flanagan*, 154 F.3d at 198.

  At issue is when petitioner's conviction became final. For purposes of 28 U.S.C. § 2244(d)(1)(A) a conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review judgment. *Jimenez v. Quarterman*, 555 U.S. __, 129 S.Ct. 681, 695 (2009). The conclusion of direct review occurs when the availability of direct appeal to the state courts and to the Supreme Court has been exhausted. *Id.*

  Under state law pertaining to shock probation, the state district court enters a judgment of conviction and assesses a sentence; the defendant partially serves his sentence before the state court may consider him for placement on shock probation. Once he is placed on shock probation, further execution of his sentence is suspended. TEX. CRIM. PROC. ANN. art. 42.12, § 6 (Vernon 2006); *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992). *O'Hara v. State*, 626 S.W.2d 32, 35 (Tex. Crim. App. 1981). To directly challenge his conviction and sentence, an inmate placed on shock probation must perfect an appeal from a

judgment of conviction within thirty days of the date that his sentence was imposed.[1] TEX. R. APP. P. 26.2(a)(1); *State v. Dunbar*, 269 S.W.3d 693, 695 (Tex. App.—Beaumont, 2008), *aff'd*, No.PD-1713-08, 2009 WL 3837306 (Tex. Crim. App. 2009). By all accounts, the process of direct review from a judgment adjudicating guilt for an inmate on shock probation is the same as the process for an inmate who is not placed on any kind of community supervision.[2] *See Dunbar*, 269 S.W.3d at 695; *Taylor v. State*, 126 S.W.3d 201, 206 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (finding judgment adjudicating guilt became final when appellant dismissed his appeal because inmate's sentence had been imposed and partially served before inmate was placed on probation).

In this case, petitioner was convicted and sentenced to shock probation on January 9, 2002. (Docket Entry No.1). Petitioner did not appeal his conviction; therefore, the judgment of conviction became final for purposes of section 2244(d)(1)(A) on or about February 8, 2002. *See* TEX. R. APP. P. 26.2(a)(1). That date triggered the one-year limitations period which expired on February 8, 2003.

---

[1] Texas law does not provide for an appeal from an order granting or refusing shock probation. *Perez v. State*, 938 S.W.2d 761, 762 (Tex. App.—Austin 1997, pet. ref'd); *but see State v. Dunbar*, No.PD-1713-08, 2009 WL 3837306 at *3 (Tex. Crim. App. 2009). (allowing State to appeal a jurisdictional defect). Upon revocation of shock probation, the state district court simply reinstates the execution of the originally imposed sentence. *Amado v. State*, 983 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). The state district court may impose a sentence as long as, but not longer than, the punishment previously assessed and no shorter than the minimum statutory punishment for the offense. *Taylor v. State*, 126 S.W.3d 201, 206 (Tex. App.—Houston [1st Dist.] 2003, no pet.). An inmate may appeal the revocation of his "shock probation" by challenging each finding on which the revocation is based but he cannot challenge a revocation finding on an allegation to which he pled true. *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco, 2005, pet. dism'd).

[2] Under state law, an unrevoked probation prevents a conviction from becoming final for enhancement or habitual offender purposes. *See Ex parte White*, 211 S.W.3d 316, 320 (Tex. Crim. App. 2007).

Petitioner did not seek state habeas relief pursuant to article 11.072 as provided by Texas law for a litigant on community supervision.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (Vernon 2006). Petitioner sought state habeas relief pursuant to article 11.07 years later after his shock probation was revoked. Because petitioner's state habeas application was filed on May 16, 2008, after the expiration of the February 8, 2003, deadline, the tolling provisions in found in § 2244(d)(2) do not apply. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Petitioner did not file the pending federal habeas petition until 2008, well beyond expiration of the AEDPA limitations. Therefore, petitioner's claim that he is actually innocent is time-barred unless the one-year period is tolled on equitable grounds.[4]

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)); *see also United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (holding AEDPA's limitations are not jurisdictional and therefore, equitable tolling is permissible). To be entitled to equitable

---

[3] Because under Texas law, probation is not a final conviction, an inmate may not pursue habeas relief under article 11.07 of the Texas Code of Criminal Procedure while he is on community supervision. *See Caldwell v. Dretke,* 429 F.3d 521, 529 n.18 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006).

[4] "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Rather, a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 404. "To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was '"more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001). Petitioner fails to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way: and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Petitioner implicitly requests equitable tolling by his contention that the present habeas action is not time-barred because he is actually innocent of indecency with a child by sexual contact. (Docket Entry No.1). Petitioner claims he entered an involuntary plea based on the advice of incompetent counsel, who failed to investigate the facts giving rise to the criminal complaint and disregarded complainant's exculpatory statements. Petitioner alleges that complainant admitted that he misrepresented his age to petitioner and the State failed to disclose such admission to petitioner before trial. (Docket Entries No.1, No.18). Petitioner also claims that his polygraph evaluations show that he did not have knowledge that he was committing a criminal offense and that he did not commit a criminal offense. (*Id.*). Petitioner claims the State withheld the complainant's admission and the polygraph results because complainant was reluctant to testify. (Docket Entry No.18). Petitioner also complains that the state district court denied his request for a psychologist. (*Id.*). Finally, petitioner claims he is actually innocent because the state statute, upon which he was convicted, is overly-broad, vague, and without a scienter. (*Id.*).

A claim of actual innocence, standing alone, is not a "rare and exceptional circumstance" that warrants equitable tolling of the statute of limitations given that many prisoners maintain they are actually innocent. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (noting that the petitioner's claim was unaccompanied by "a showing of actual innocence"); *see also Leblanc v. Travis*, No.07-30889, slip opinion 2009 WL 3753529 (5th Cir.

2009)(noting claims of actual innocence do not present rare and extraordinary circumstances for which the court may consider equitable tolling of the limitations statute); *Prince v. Thaler*, No.07-51496, slip opinion 2009 WL 3806077 (5th Cir. 2009) (noting that there is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations). Even if such claim constituted a circumstance warranting equitable tolling, petitioner would not be entitled to such relief because he has not diligently pursued his rights. Petitioner waited years after placement on shock probation to file a state habeas application and the pending federal petition challenging his conviction. *See Nelms v. Johnson*, 51 Fed. Appx. 482 (5th Cir. 2002) (not selected for publication) (noting that "court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by); *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002) (finding four-day delay in filing federal habeas petition by death row inmate did not justify equitable tolling: courts focus "on the reasons for missing the deadline rather than on the magnitude of the tardiness"). Because petitioner has not demonstrated that he acted diligently while pursuing habeas relief in both the federal and state courts, he is not entitled to equitable tolling. *See Fisher*, 174 F.3d at 713 n.11 (noting that "[e]quity is not intended for those who sleep on their rights).

    Moreover, petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, the Court finds that petitioner's

claims regarding his conviction and sentence are barred by the AEDPA's one-year limitation period and, therefore, subject to dismissal.

B.     Remaining Claims

Petitioner's remaining claims do not challenge his conviction, sentence, or revocation of his probation. Petitioner's remaining claims challenge the state habeas process, petitioner's right to access the courts, and the constitutionality of § 2254(d) of the AEDPA. (Docket Entries No.1, No.18). Respondent contends that petitioner's remaining claims are without merit and therefore, are subject to dismissal. (Docket Entry No.20).

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that

9

includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion.

1. <u>Paper Hearing</u>

Petitioner complains that his due process rights were violated because the state district court, sitting as a habeas court, did not provide him with a full and fair hearing. (Docket Entries No.1, No.18). Petitioner complains that the state district court did not conduct a live hearing on his habeas application and did not enter findings of fact or conclusions of law. (*Id.*). The Texas Court of Criminal Appeals denied his state habeas without written order. Petitioner seeks an evidentiary hearing in this Court. (*Id.*).

It is well-established that infirmities in collateral proceedings are not grounds for federal habeas corpus relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001). Moreover, the Fifth Circuit has upheld the validity of the Texas courts' use of 'paper hearings' in post-conviction habeas challenges. *See Livingston v. Johnson*, 107 F.3d 297, 303 (5th Cir. 1997). "A full and fair hearing does not necessarily require live testimony." *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000). Moreover, the burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full and fair." *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004).

Petitioner's request for an evidentiary hearing is evaluated under 28 U.S.C. § 2254 (e)(2), which provides, in relevant part:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence, and,
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). These exceptions are applicable only where the failure to develop the factual basis is the result of a decision or omission of the petitioner himself.

*Murphy*, 205 F.3d at 815.

In this case, petitioner's claims are not derived from any new rule of law from the Supreme Court. Although he claims to have undisclosed facts that establish his innocence, petitioner has not shown that such facts are new and previously undiscoverable. Even if petitioner could show that these claims were not developed at trial as required by § 2254(e)(2), he fails to show the necessity of an evidentiary hearing because such claims are time-barred. Accordingly, respondent is entitled to summary judgment on petitioner's "paper hearing" claim.

2.      TDCJ-CID Regulations

Citing *Ex parte Hull*, 312 U.S. 546 (1941), petitioner claims that "[i]f this court fails to waive CV-5/LCR-cr49(a)[,] the invalid TDCJ-CID regulations in place violate his 14th USCA rights, and Art. 1 § 9 cl.2 USC [sic] because the invalid regulations in place are set there

specifically to gain advantage in postconviction proceedings to keep the beds in the Texas prisons filled to capacity, violating well established USSC [sic] precedence." (Docket Entry No.1). In *Hull*, the Supreme Court found invalid a prison regulation requiring an inmate to submit a habeas petition to the institutional welfare office and to a legal investigator to the parole board. 312 U.S. at 642 (holding that "the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus"). Petitioner has not identified CV-5/LCR-cr49(a) or any prison regulation that has abridged his right to prosecute the pending federal petition. Petitioner complains in his Traverse to the summary judgment motion that the state court procedures, presumably regarding evidentiary hearings in postconviction writ proceedings, violates his due process rights, the Suspension Clause, and the *Ex Post Facto* Clause. (Docket Entry No.18). Petitioner states no facts to support these conclusory allegations. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (finding "[m]ere conclusory statements do not raise a constitutional issue in a habeas case"). Accordingly, petitioner's complaint regarding TDCJ regulations is subject to dismissal.

3.  Constitutionality of 28 U.S.C. § 2254(d)

Finally, petitioner challenges the constitutionality of 28 U.S.C. § 2254(d). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685,

693 (2002). Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

In his original petition, petitioner claims that § 2254(d) violates the Supremacy Clause, the separation of powers doctrine, and his right to due process. (Docket Entry No.1). In his Traverse, petitioner claims that the statute violates Article III, the separation of powers doctrine, the Supremacy Clause, the Suspension Clause, and his right to due process as guaranteed by the Fourteenth Amendment. (Docket Entry No.18). Petitioner states no facts and makes no viable legal argument to support such claim. Therefore, his claim is conclusory and subject to dismissal. Even if petitioner stated a viable claim, the courts have concluded that § 2254(d) is constitutional. *See, e.g., Tucker v. Johnson*, 242 F.3d 617, 620 (5th Cir. 2001) (addressing Article III concerns); *Hughes v. Johnson*, 191 F.3d 607, 612 (5th Cir. 1999) (addressing Supremacy Clause questions); *Corwin v. Johnson*, 150 F.3d 467, 472 (5th Cir. 1998) (same); *see also Mitchell v. Johnson*, 252 F.3d 434 (5th Cir. 2001) (unpublished per curiam) (addressing separation of powers doctrine); *Turner v. Johnson*, 177 F.3d 390 (5th Cir. 1999) (discussing Suspension Clause and due process). *See also Byrd v. Trombley*, 580 F.Supp.2d 542 (E.D. Mich. Sept. 18, 2008) (addressing all of petitioner's challenges), *aff'd* (6th Cir. 2009). Accordingly, petitioner's constitutional challenge to the AEDPA is subject to dismissal.

IV.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons stated in this Opinion on Dismissal, the Court has determined that a certificate of appealability from this decision will not issue.

V.    CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1.    Respondent's motion for summary judgment (Docket Entries No.17, No.20) is GRANTED.

    2.      All other pending motions are DENIED as moot.

    3.      This habeas action is DISMISSED WITH PREJUDICE.

    4.      A certificate of appealability is DENIED.

It is so ORDERED.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 29th day of December, 2009.

                                                MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE